IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Oral Argument August 28, 2000

# WILLIAM A. FLEMING v. LEATHA G. FLEMING

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 150693     The Honorable Karen R. Williams, Judge**

---

**No. W1999-01978-COA-R3-CV - Filed October 11, 2000**

---

This appeal involves the division of marital property and award of alimony in futuro in an action for divorce. Husband receives retirement income from the United States Army. Wife has an annuity through her employer which accrued during the parties' marriage. The circuit court awarded Wife $150 a month as alimony in futuro, but ruled that the parties should keep their retirement accounts as separate property. Husband has appealed, and both parties present issues for review.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Kim G. Sims; Memphis, For Appellant, William A. Fleming

Richard F. Vaughn, Memphis, for Appellee, Leatha G. Fleming

## OPINION

William A. Fleming (Husband) and Leatha G. Fleming (Wife) were married on May 29, 1983 and divorced on November 18, 1999. The parties have no children from their marriage. For all but the last three years of the marriage, Husband was in the United States Army. Husband receives both disability and retirement income from his military service. During their marriage, Wife was employed full-time.

Wife was diagnosed with breast cancer in 1997, but returned to her job eight months later. She continues to have decreased mobility in her arm as a result of her cancer surgery and suffers from arthritis. Husband also has physical problems, including poor eyesight and arthritis. He

currently works part-time driving a day-care bus and has been going to school to obtain a degree in computer science.

At trial, the parties presented evidence that Mr. Fleming's income is approximately $1977.00 per month, consisting of $569.00 of military disability benefits, $569.00 of military retirement benefits, $583.00 from his job as a daycare van driver, and an additional $307.00 in GI Bill education benefits (paid monthly 10 months out of the year when Mr. Fleming is attending school).[1] Ms. Fleming's only income is from her clerical job, which nets her $1,004.00 per month. The only additional asset the parties claim is an unvested annuity Ms. Fleming receives through her employer which was valued at approximately $9000.00. The trial court ordered Husband to pay Wife $150.00 per month as alimony in futuro and found that "each party should keep as his or her separate property their respective retirement or pension plans."

Husband appeals the order of the trial court and presents this issue for review: whether the trial court erred in granting Wife alimony in futuro. Wife presents the issue of whether the trial court erred in failing to award Wife one-half of Husband's military retirement benefits that accrued during the parties' marriage, and whether the trial court erred in failing to award Wife attorney's fees in this action.

Because of the nature of the issues and the relief granted by this Court, we will consider the issues together.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. Tenn. R. App. P. 13(d). A trial court is afforded wide discretion when dividing the marital property, and its distribution will be given "great weight" on appeal. *See Ford v. Ford*, 952 S.W.2d 824, 825 (Tenn. App. 1997).

In dividing assets in a divorce, courts must first classify each piece of property as "separate" or "marital." *See Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). T.C.A. § 36-4-121 defines marital property as:

> [A]ll real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.

---

[1] We note that, with the exception of Mr. Fleming's retirement benefits, these amounts are calculated after taxes.

T.C.A. § 36-4-121(c)(1)(A) (1996).  Similarly, separate property is defined as:

(A) All real and personal property owned by a spouse before marriage;
(B) Property acquired in exchange for property acquired before the marriage;
(C) Income from and appreciation of property owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1);  and
(D) Property acquired by a spouse at any time by gift, bequest, devise or descent.

T.C.A. § 36-4-121(b)(2) (1996).  In the case at bar, we hold that the trial court improperly classified both Husband's military retirement and Wife's annuity as separate property.

T.C.A.§ 36-4-121(b)(1)(B) specifically provides that "the value of vested pension, retirement or other fringe benefit rights accrued during the period of the marriage" is marital property.  Pension interests, whether vested or unvested, are marital property and subject to equitable division. *See Kendrick v. Kendrick*, 902 S.W.2d 918, 921 (Tenn. Ct. App. 1994).  The same is true for nondisability military retirement benefits. *Id.* at 926.  In *Kendrick*, the Middle Section set out four principles to assist courts valuing and distributing pension rights consistent with the statute:

First, pension rights accrued during a marriage will be classified as marital property even though the non-employee spouse did not make direct contributions to the increase in the pension's value.  Second, only pension rights accruing during the marriage will be considered marital property.   Third, the difficulty in valuing pension rights has no bearing on the classification of the pension as marital property.  Fourth, the pension rights must be valued as of a date as near as possible to the final divorce hearing date.

902 S.W.2d at 926-27 (footnotes omitted).  Based upon this analysis, the trial court should have classified Mr. Fleming's military retirement benefits which accrued during the couple's marriage as marital property.[2]  Based upon the same reasoning, we hold that the trial court should also have classified Ms. Fleming's annuity as marital property.

Because the trial court must revisit the issue of distribution of marital property, we will vacate the alimony award for reconsideration by the court on remand.

As to the issue of attorney's fees, we note that the trial court is afforded discretion concerning whether to award attorney's fees in a divorce case. *See Long v. Long*, 957 S.W.2d 825, 829 (Tenn. App. 1997).  On appeal, an appellate court shall not interfere with the trial court's decision except upon a showing of an abuse of that discretion. *Id.*  For these reasons, we hold that the trial court did not err in failing to award Ms. Fleming attorney's fees.

---

[2]Since the parties were only married for 12 of the 20 years Mr. Fleming was in the service, only 60% of Mr. Fleming's retirement benefit would be considered marital property in this case.

On remand, the trial court is directed to classify Wife's annuity and 60% of Husband's military retirement benefit as marital property and make an equitable division thereof. The trial court may exercise its discretion as to the manner of effectuating the division. *See Hoover v. Hoover*, 1998 WL 927279 at *2 (Tenn. Ct. App. 1998). We note that should the trial court decide to award Wife a portion of Husband's military retirement, Wife is entitled to receive that portion directly from the federal government. *See* 10 U.S.C. § 1408(d)(1).

The decree of the trial court is vacated and the case is remanded for further proceedings consistent with this opinion. Costs of the appeal are assessed equally to the parties, William A. Fleming and Leatha G. Fleming and their sureties.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.

-4-